UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD M. MELNIK,

        Plaintiff,

        v.         Case No. 25-cv-0147

BRIDGETTE L. STAFFORD,
LESLIE E. MCKEE, and
BRITTANY M. BLAIRE,

        Defendants.

# SCREENING ORDER

Plaintiff Donald Melnik, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at Stanley Correctional Institution. On February 19, 2025, Melnik paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Melnik, he began complaining about severe chest pains on June 30, 2023. Bridgette Stafford allegedly told him the pain was GERD-related or possibly muscular. After Melnik repeatedly informed her that he was consistently taking his GERD medication and had not exercised or injured himself, Stafford administered an EKG, and the results were normal. Melnik asserts that Stafford gave him lidocaine and Tylenol and increased his dosage of omeprazole.

Melnik asserts that he told her he believed something else was wrong because his pain was at a ten. He states that he asked her to order an x-ray, but she refused.

About a month later, on August 14, 2023, Brittany Blaire completed a nursing assessment in response to Melnik's continued complaints of chest pain. Melnik allegedly informed Blaire that his pain was at an eight whenever he took big breaths and that he had pain and pressure when he was resting. Melnik again requested an x-ray, but Blaire denied his request. Another month passed. On September 14, 2023, Melnik was seen by Leslie McKee after he requested a lower bunk restriction because of his continued chest pain. Melnik allegedly told McKee that he was still having chest pain and that pain was going down his left shoulder and arm. It is not clear if McKee gave Melnik a lower bunk restriction, but he alleges that she provided no assessment or treatment for his complaints of chest pain.

Melnik explains that he was released from prison on November 22, 2023. Although he continued to experience pain, he believed Defendants' assertions that the pain was GERD-related, so he did not immediately seek treatment. By the end of July 2024, however, the pain had become unbearable, so he went to the hospital where an x-ray revealed an unknown mass in Melnik's lung that was later diagnosed as fungus. Melnik explains that he is still in pain but is being treated with medication that will hopefully address the issue so he does not have to have the mass surgically removed.

### THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). With this standard in mind, Melnik may proceed on an Eighth Amendment medical care

3

Case 2:25-cv-00147-BHL   Filed 02/27/25   Page 3 of 5   Document 5

claim against Blaire and McKee based on allegations that they downplayed or ignored Melnik's complaints of persistent and severe chest pain even after initial attempts to address the pain were ineffective. *See Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020).

Melnik does not, however, state a claim against Stafford. According to Melnik, when he first complained about his chest pain, she administered an EKG, prescribed pain medication, and increased the dosage of his GERD medication. Although her efforts to address the pain proved to be unsuccessful, her thorough response does not reasonably suggest that she was deliberately indifferent to his condition. *See Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) (noting that plaintiff was "seeking a specific treatment and foolproof protection from infection," but "[t]he Eight[h] Amendment does not provide her with either").

**IT IS THEREFORE ORDERED** that Melnik fails to state a claim against Bridgette Stafford, so the clerk's office is directed to terminate her from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Melnik's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Leslie McKee and Brittany Blaire.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Leslie McKee and Brittany Blaire shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Melnik is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Melnik may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 27, 2025.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge