UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD M. MELNIK,

                         Plaintiff,

v.                                                    Case No. 25-cv-0147-bhl

LESLIE E. MCKEE et al.,

                         Defendants.

## DECISION AND ORDER

      Plaintiff Donald Melnik, who is incarcerated at the Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 case, in which he alleges that his constitutional rights were violated while he was incarcerated at the Stanley Correctional Institution. On August 12, 2025, Defendants Brittany Blaire and Leslie McKee separately moved for summary judgment on the ground that Melnik failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. Nos. 24, 30. The Court notified Melnik that his response materials were due by September 11, 2025. The Court warned Melnik that if he did not respond by the deadline, the Court would accept all facts asserted by Defendants as true and would decide the motions without his input. *See* Civil L. R. 56(b)(4). The deadline has passed, and Melnik did not respond to the motions.

      The Court has reviewed Defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Melnik's failure to respond, the Court finds that Melnik did not file an inmate complaint about the issues in this lawsuit. Because Melnik did not comply with the prison's

policies for exhausting the administrative remedies, Defendants are entitled to summary judgment and this action must be dismissed. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendants' motions for summary judgment based on Melnik's failure to exhaust the administrative remedies (Dkt. Nos. 24, 30) are **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.